**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**ROSA PRUDHOMME,**

Plaintiff,

v.

**POLK COUNTY SHERIFF'S OFFICE
DEPUTY JOSHUA JUDAH, Individually,**

Defendant.

_____/

## COMPLAINT

Plaintiff, ROSA PRUDHOMME, by and through her undersigned counsel, hereby sues Defendant, POLK COUNTY SHERIFF'S OFFICE DEPUTY JOSHUA JUDAH, individually, and in support thereof states:

## INTRODUCTION

1. This is an action on behalf of Plaintiff, ROSA PRUDHOMME, whose rights under the Fourth Amendment to the United States Constitution were violated when she was subjected to excessive and unreasonable force by Polk County Sheriff's Office Deputy Joshua Judah.

2. This action for money damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution.

3. It is alleged that Defendant Deputy Joshua Judah used objectively unreasonable and excessive force against Plaintiff, causing serious bodily injury and damages.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in the United States District Court for the Middle District of Florida because all events complained of herein occurred in Polk County, Florida.

## PARTIES

7. At all times relevant hereto, Plaintiff ROSA PRUDHOMME (hereinafter "PLAINTIFF"), was and is a resident of Polk County, Florida and is sui juris.

8. At all times relevant hereto and in all actions described herein, Defendant JOSHUA JUDAH (hereinafter "JUDAH") was acting under color of state law as a deputy sheriff employed by the Polk County Sheriff's Office.

## STATEMENT OF FACTS

9. On or about July 26, 2022, PLAINTIFF and her husband, Audilio Prudhomme, were involved in a Polk County Code Enforcement property cleanup occurring at their residence located at 42 Meadow Way, Frostproof, Florida.

10. During the days preceding July 26, 2022, PLAINTIFF and her husband cooperated with code enforcement personnel and worked with them to identify personal property and possessions located on the property. Code Enforcement gave the Prudhomme's permission to keep and remove personal items from the items that were designated to be removed.

11.    Certain items, including items located in and around a storage semi-trailer situated in the middle of the property, had previously been discussed with code enforcement officials and approved to remain on the property.

12.    PLAINTIFF speaks Haitian Creole and has limited ability to understand and communicate in English.

13.    On July 26, 2022, Defendant JUDAH arrived on the property and he was unfamiliar with the prior agreements reached between code enforcement personnel and the property owners regarding the fact that certain items were agreed as personal to the Prudhomme's.

14. While PLAINTIFF was helping one of the contractors locate a hose that the contractor requested to utilize in the cleanup, JUDAH yelled angrily at PLAINTIFF.    Not knowing what JUDAH was saying, but discerning the threatening tone, PLAINTIFF left the area and went back to a portion of the property closer to her residence.

15.    Defendant JUDAH was aware, or reasonably should have been aware, that PLAINTIFF had a language barrier and limited English proficiency.

16.    No language translation services were provided to PLAINTIFF during the cleanup operation.

17.    After PLAINTIFF had removed herself from the vicinity of JUDAH as previously described, but immediately prior to the incident in this Complaint, PLAINTIFF was talking with one of the moving contractors about some of the items that the contractors were about to move, that had previously been approved by code enforcement.

18.    During PLAINTIFF's conversation with the contractor, there were some words that were spoken that PLAINTIFF did not understand. PLAINTIFF decided to go and get her husband who was inside their residence for assistance with translation.

19.    PLAINTIFF then began walking towards her home to get her husband for language assistance.

20.    At the time PLAINTIFF had nothing in her hands and PLAINTIFF was not threatening Defendant JUDAH in any manner.

21.    Without warning, and without lawful justification, Defendant JUDAH aggressively grabbed PLAINTIFF by the left arm and used significant force taking PLAINTIFF to the ground and throwing his body weight on top of PLAINTIFF.

22.    JUDAH then placed both of his knees on PLAINTIFF's back.  JUDAH's body weight and the aggressive takedown caused injury to PLAINTIFF.   JUDAH's

placement of both of his knees into the back of the PLAINTIFF with his full body weight pressing down on PLAINTIFF's back, caused extreme pain in combination with the impact from the takedown.

23.    PLAINTIFF then, yelled out to her son Fordny Prudhomme, who witnessed JUDAH on top of his mother, for him to go and retrieve her husband. At the time force was used, PLAINTIFF was a sixty-nine-year-old woman weighing approximately 120 pounds.

24.    As a direct result of Defendant JUDAH's actions, PLAINTIFF sustained injuries to her back, shoulder, and other parts of her body.

25. The force utilized by Defendant JUDAH was objectively unreasonable under the circumstances.

26.  No force, was necessary under the circumstances confronting Defendant JUDAH.

27.Defendant JUDAH subsequently charged PLAINTIFF with Resisting Without Violence.

28.    On September 21, 2023, the State Attorney's Office entered a Nolle Prosequi in Polk County Case Number 53-2022-MM-00582-A000-BA.

29.    As a direct and proximate result of Defendant JUDAH's actions, PLAINTIFF suffered bodily injury, pain and suffering, mental anguish, humiliation, emotional distress, medical expenses, and other damages.

## COUNT I

## EXCESSIVE FORCE

### (42 U.S.C. §1983 – Fourth Amendment Violation Against Defendant JUDAH Individually)

30.    PLAINTIFF repeats and realleges Paragraphs 9 through 29 and incorporates them by reference herein.

31.    This cause of action is brought by PLAINTIFF against Defendant JUDAH for his use of excessive force under color of law, which deprived PLAINTIFF of rights secured by the Fourth Amendment to the United States Constitution.

32.    At all times material hereto, Defendant JUDAH was acting under color of state law and within his authority as a deputy sheriff employed by the Polk County Sheriff's Office.

33.    Defendant JUDAH violated 42 U.S.C. § 1983 by intentionally using objectively unreasonable and excessive force against PLAINTIFF.

34.    The amount of force used by Defendant JUDAH was grossly disproportionate to any legitimate law enforcement need.

35.    At the time force was used, PLAINTIFF was an unarmed sixty-nine-year-old woman weighing approximately one hundred and twenty pounds. At the time force was used JUDAH upon information and belief was approximately 230 pounds.

36.  PLAINTIFF posed no immediate threat to Defendant JUDAH or any other person.

37.  PLAINTIFF was not resisting with violence and was not attempting to flee from lawful detention.

38.  Defendant JUDAH intentionally grabbed PLAINTIFF, threw her to the ground, and drove his body weight onto her despite the absence of any objectively reasonable need for such force.

39.  The force employed by Defendant JUDAH was excessive under clearly established Fourth Amendment law.

40.  As a direct and proximate consequence of Defendant JUDAH's unconstitutional conduct, PLAINTIFF sustained severe physical injury, pain and suffering, emotional distress, mental anguish, humiliation, medical expenses, and other damages.

   **WHEREFORE**, PLAINTIFF prayerfully requests that this Honorable Court grant the following relief against Defendant JUDAH:

A. Compensatory damages;

B. Pain and suffering damages;

C. Actual damages;

D. Punitive damages;

E. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

F. Pre-judgment and post-judgment interest; and

G. Any other and further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Gregory A. Samms
Gregory A. Samms, Esq.
113 Almeria Avenue
Coral Gables, Florida 33134
Telephone: (786) 953-5802
Florida Bar No. 438863
sammslaw@gmail.com